UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**DINA HURVENICH,**

        **Plaintiff,**

v.                                                                          Case No. 10-10278
                                                                            HONORABLE DENISE PAGE HOOD

**ARVINMERITOR, INC., a foreign corporation,**

        **Defendant.**

_____/

**ORDER GRANTING PLAINTIFF'S CORRECTED MOTION FOR ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT AND DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

This matter is before the Court on Plaintiff Dina Hurnevich's Corrected Motion for an Order Granting Leave to File First Amended Complaint **[Docket No. 29, filed on June 23, 2011]**. Defendant filed a response on July 7, 2011 **[Docket No. 30]**, to which Plaintiff replied **[Docket No. 32, filed on July 18, 2011]**.

This matter is also before the Court on Defendant's Motion for Reconsideration of the Court's December 22, 2010 Order **[Docket No. 15, filed on January]**.

## II. STATEMENT OF FACTS

Plaintiff Dina Hurnevich was hired by Defendant ArvinMeritor on October 30, 2006, as Manager of Finance Process Improvement. She was employed by Defendant in various

1

capacities until her termination on March 17, 2009.  Plaintiff alleges that she was subjected to gender discrimination with respect to her compensation, and was terminated at the end of an FMLA/pregnancy leave.

Plaintiff contends that, in October 2009, Plaintiff applied for a Director of Treasury position–the job she held prior to her leave–but was passed over in favor of a substantially less qualified male who applied from outside of the company.  On December 22, 2011, this Court issued an Order Denying Defendant's Motion to Dismiss Plaintiff's Complaint, or Alternatively, Motion to Stay and Compel Arbitration and to Dismiss Claim Under Pregnancy Discrimination Act and Granting Plaintiff's Motion for an Order to Proceed with Discovery **[Docket No. 13]**.  After additional discovery revealed information Plaintiff believes to substantiate a further claim of discrimination and retaliatory failure to hair claim, Plaintiff brought this motion.

### III.   ANALYSIS

#### A.   Plaintiff's Motion to Amend Complaint

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course prior to service of a responsive pleading or within 21 days of serving its pleading if no responsive pleading is required.  "Otherwise a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The decision whether to permit amendment is committed to the discretion of the trial court.  *See General Electric Co. v. Sargent & Lundy*, 916 F. 2d 1119, 1130 (6th Cir. 1990).  "In evaluating the interests of justice, courts consider several factors, including undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue

prejudice to the opposing party, and futility of amendment.  *Coe v. Bell,* 161 F.3d 320, 341 (6th Cir. 1988).  Where an amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier.  *Wade v. Knowville Utils. Bd.,* 259 F.3d 452, 459 (6th Cir. 2001).

In this case, Plaintiff filed her Complaint on January 20, 2010.  Plaintiff did not move to amend her Complaint until June 23, 2011.  Defendant argues that this is "undue delay;" pursuant to which Plaintiff's motion should be denied.  The Court notes, however, the break in discovery, which spanned over most of 2010.  In the absence of discovery, Plaintiff could not reasonably become aware of additional information that would necessitate an amendment to her Complaint.  Although Plaintiff stated that it was her "opinion" that Mr. Todd Chirillo was not qualified for the position for which he was hired, it was not until the end of May 2011 that credible information allegedly substantiating what was previously only an opinion was produced to Plaintiff.  The time that elapsed in between when Plaintiff discovered this evidence and filed the instant motion does not constitute undue delay.

Defendant is not prejudiced by an amendment to Plaintiff's Complaint.  The additional discovery required will be limited, and some of this information, such as Mr. Chirillo's personnel file, has already been produced.  The parties previously agreed to extend discovery through much of July.

Given that Plaintiff could not reasonably have been expected to, in good faith, bring the additional claims before the Court before the time she did, and that Defendant faces no substantial prejudice, the Court finds that justice requires that Plaintiff's motion be granted.

### B.      Defendant's Motion for Reconsideration

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration shall be served not later than fourteen days after entry of such order.  E.D. Mich. LR 7.1(g)(1).  No response to the motion and no oral argument thereon shall be allowed unless the Court, after filing of the motion, otherwise directs.  E.D. Mich. LR 7.1(g)(2).  The Local Rule further states:

> (3) **Grounds**.  Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted.  The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. LR 7.1(g)(3).

The Court finds that Defendant's Motion to Reconsider presents the same issues already ruled upon, either expressly or by reasonable implication, by the Court, and addressed in the Court's December 22, 2010 Order .  The Court further finds that the movant has not demonstrated a palpable defect by which the Court and the parties have been misled, nor has Defendant shown that a different disposition of the case would result from a correction of any error.

### IV.     CONCLUSION

**IT IS ORDERED** that Plaintiff Dina Hurnevich's Corrected Motion for an Order Granting Leave to File First Amended Complaint **[Docket No. 29, filed on June 23, 2011]** is GRANTED.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration of the Court's December 22, 2010 Order **[Docket No. 15, filed on January]** is **DENIED**.

**IT IS FURTHER ORDERED** that the Scheduling Order is **AMENDED**. The deadline for completion of fact discovery is September 23, 2011. Any dispositive motions must be filed by October 7, 2011. The Joint Final Pre-Trial Order is due December 12, 2011. The Final Pre-Trial Conference is scheduled for December 15, 2011 at 3:30 p.m.

                                                **s/Denise Page Hood**
                                                **United States District Judge**

**Dated: August 4, 2011**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on August 4, 2011, by electronic and/or ordinary mail.**

                                                **s/LaShawn R. Saulsberry**
                                                **Case Manager**